## THE STATE v. HAHN, Appellant.

**Division Two, June 6, 1905.**

**ASSAULT WITH INTENT TO RAPE: Insufficient Evidence.** The evidence in this case, which was a prosecution for assault with intent to rape, is examined, and *held* insufficient to justify a conviction.

Appeal from Jefferson Circuit Court.—*Hon. Joseph J. Williams,* Judge.

REVERSED.

Vol 189 mo—16

*Joseph G. Williams* and *R. A. Frazier* for appellant.

*Herbert S. Hadley,* Attorney-General, and *John Kennish,* Assistant Attorney-General, for the State.

Taking the whole record into consideration, in order to guard against the possibility of injustice and in order that an opportunity may be given to make clear matters now in doubt under the evidence, we think it advisable that this case be reversed and remanded for another trial.

BURGESS, P. J.—At the January term, 1905, of the circuit court of Jefferson county, the defendant was convicted of an assault with intent to commit a rape on one Maude Taylor, a female child about seven years of age, and his punishment fixed at two years imprisonment in the penitentiary, under an indictment theretofore found against him by the grand jury of said county. He appeals.

Whatever evidence, if any, tends to show the commission of the offense, tends also to show that it was committed in broad daylight, by the side of a railroad track, and in plain view of a mining camp of about four hundred persons. The witnesses who testified to what they call the assault were within eight or ten feet of the parties at the time they say it was committed. They interfered in no way, nor made any effort to protect the girl from the assault; nor did she make any outcry. Afterwards, William Edwards, one of the witnesses of the alleged assault, filed an affidavit in blank against the assailant, charging him with committing the offense, thereby causing his arrest. Neither the child nor her mother was a witness in the case.

The evidence tends to show that the defendant, Mrs. Taylor and her daughter Maude, and the witnesses for the State, William Edwards and Vincent Dix, re-

sided in the town of Herculaneum, Jefferson county, Missouri. Mrs. Taylor kept boarders, and the defendant and his family lived next door, having lived there for about eight months next preceding the date of the alleged assault, and in the county and near there for about ten years. The town of Herculaneum is a mining town, and the witnesses for the State, Edwards and Dix, work at the same mine.

Edwards testified that he had known the defendant since the 5th day of April, 1904, but did not know what his name was. There was a railroad running north and south a short distance from where the defendant and the witnesses for the State lived. About four hundred yards from the shops of the mines there was a cut in the right of way of the railroad, eight or ten feet deep, and a public road crossing at this cut. On the 23d of September, 1904, about 6 p. m., as this witness testified, he was near the railroad cut and heard talking, and on looking down from the bank saw the defendant committing the assault on the child, Maude Taylor. He testified he was within eight feet of the defendant, that the sun was shining at the time, and that the place of the assault was in view of the shops. Witness said nothing to the defendant at the time, nor does it appear that the defendant knew of his presence, although this witness testified that the little girl was looking straight at him. Witness knew Maude Taylor and her mother, but said nothing of the occurrence to either. Dix, another witness for the State, testified that on Monday, September 26th, between twelve and one o'clock in the daytime, he saw the defendant and Maude Taylor on the picnic grounds, which were near the railroad cut already referred to, and that the defendant was sitting on the ground and in about the same position with reference to the little girl as testified to by Edwards; also that he was within eight feet of the defendant, and that the little girl was looking straight at him; that he, Dix,

had to stand on the root of a tree to see the defendant, who was sitting on the ground and hid in weeds two feet high. Dix said nothing to the defendant, nor does it appear that defendant knew of his presence. He, Dix, reported to Edwards, and the two went to the picnic grounds where they saw the defendant and Maude Taylor sitting together on a bench. Edwards and Dix, thereafter, without talking to Mrs. Taylor or any other person about the matter, went to the town of Pevely the same day and made an affidavit before a justice of the peace charging the crime of rape, but leaving the name of the accused blank. They told the justice and constable that they did not know the name of the man who committed the assault, but that he boarded at Mrs. Taylor's. Edwards accompanied the constable to the house of Mrs. Taylor to identify the accused, but Mrs. Taylor's boarder was not at home; and while there Edwards seeing the defendant in his own yard, identified him as the man who was guilty of the crime charged. The defendant, Hahn, did not board at Mrs. Taylor's at all, but lived with his family in a house near by.

The evidence on the part of the defense showed that the defendant was sixty-five years of age, an industrious man of good character and habits, having a wife and children with whom he lived. He testified that he was never at the places designated by the State's witnesses as the scene or scenes of the alleged assault, and that he never at any time laid his hands upon Maude Taylor with intent to harm her.

How the judgment of conviction for so heinous an offense as that charged against the defendant in this case can be permitted to stand, under the evidence and facts disclosed by this record, we are unable to conceive. The idea that the two witnesses on the part of the State could stand silently by, as they testified they did, within eight or ten feet, and see the defendant in this case attempting to assault a little girl only seven

years of age, with intent to ravish her, and not lift their voices or try to do anything to protect her, is absolutely inconsistent with the instincts of mankind.

The defendant is an old man, sixty-five years of age, a man of family, a hard-working man, and a man of good reputation. His evidence was straightforward and gave no suspicion of prevarication, while that upon the part of the State seems incredible.

There is, we think, a total absence of evidence sufficient to justify this conviction, and it would serve no useful purpose to reverse and remand the cause for further trial. Hence, the judgment will be reversed and the defendant discharged.

All concur.